AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
12/29/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___od___ DEPUTY

United States of America

v.

CLINTON RACHAR BURRIS,

Defendant.

FILED
CLERK, U.S. DISTRICT COURT
12/29/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___GR___ DEPUTY

Case No.   2:22-mj-05063-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of December 20, 2022, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 113(a) | Assault Within the Special Aircraft Jurisdiction of the United States |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Daniel R. Hoops
Complainant's signature

Daniel R. Hoops, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 b_ tele_hone.

Date:  December 29, 2022

/s/ Karen L. Stevenson
Judge's signature

City and state:  Los Angeles, California

Hon. Karen L. Stevenson, U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT**

I, Daniel R. Hoops, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against CLINTON RACHAR BURRIS ("BURRIS") for a violation of 18 U.S.C. § 113(a): Assault Within the Special Aircraft Jurisdiction of the United States.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have been so employed for approximately one year. I am assigned to the Los Angeles Division of the FBI and serve in the squad that is assigned to protect the Long Beach Resident Agency's critical infrastructure, including the Long Beach Airport, where I investigate violations of Federal law which occur within the airport environment and on board aircraft. These include

assaults, interference with flight crew, and illicit drugs and firearms trafficking. In my capacity, I regularly work with Airport Liaison Agents, and law enforcement agencies at Long Beach Airport, including the Long Beach Police Department.

### III. SUMMARY OF PROBABLE CAUSE

4. While on board a Southwest Airlines flight en route from Phoenix, Arizona, to Long Beach, California, BURRIS struck his partner, D.M., in the face multiple times. Specifically, as D.M. told law enforcement upon landing, BURRIS struck D.M. at least two times on the nose, causing a quarter-inch laceration, discoloration, and bruising. BURRIS's and D.M.'s minor child, C.B., also saw his father, BURRIS, slap D.M. on the face and throw a cell phone at D.M. Another passenger, A.H., who was seated directly behind BURRIS, saw BURRIS strike D.H. with a fist and throw a cell phone at D.M.

5. After arriving in Long Beach, California, BURRIS, D.M., and his children went to BURRIS's family condo in Signal Hill, California. Based on law enforcement surveillance on December 29, 2022, BURRIS was seen going in and out of the Signal Hill condo.

### IV. STATEMENT OF PROBABLE CAUSE

6. Based on my review of law enforcement reports, my review of conversations with the victim and two percipient witnesses, my conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A.     BURRIS Strikes D.M. Mid-Flight**

7.   Based on my review of a law enforcement report by the Long Beach Police Department ("LBPD"), a review of the victim's and percipient witnesses' statements to the LBPD after the flight, and my conversations with other law enforcement agents, on or about December 20, 2022, at approximately 8:50 p.m., BURRIS, D.M., who was referred to as his wife, and their two minor children, C.B. and L.B., boarded Southwest Airlines Flight 1784 in Phoenix, Arizona to travel to Long Beach, California.

8.   Based on my review of a law enforcement report, a review of the victim's and percipient witnesses' statements, and my conversations with other law enforcement agents, D.M. sat in the aisle seat in a row toward the middle of the plane, and the children sat in the same row to her left.  BURRIS also sat in an aisle seat but to D.M.'s immediate right just across the aisle.  While awaiting takeoff, BURRIS had D.M.'s cellphone and was looking through it.

9.   Based on my review of a law enforcement report, my review of D.M.'s statements, and my conversations with our law enforcement agents, after takeoff but before the plane reached cruising altitude, BURRIS and D.M. began arguing over her cell phone.  Without warning, BURRIS struck D.M. in the face with his hand across the aisle while both were seated and BURRIS was still holding the cell phone arguing with D.M.  Then, again without warning, BURRIS forcefully threw the cell phone at her head, striking her again in the nose and causing a laceration.

10. According to the law enforcement report I reviewed, A.H. was a passenger seated in the aisle seat directly behind BURRIS. Based on my review of A.H.'s statements and a subsequent interview with A.H., A.H. could hear BURRIS and D.M. arguing over his headphones. A.H. then removed his headphones and could hear BURRIS and D.M. swearing at each other. A.H. then saw BURRIS strike D.M. with his fist. He then heard D.M. ask BURRIS for her cell phone, and BURRIS forcefully threw the cell phone towards D.M.'s head but he did not see if it struck D.M. Next, A.H. saw D.M. crying, and a small bleeding cut on the bridge of her nose.

11. According to the law enforcement report I reviewed, C.B., who is BURRIS and D.M.'s 11-year-old son, was seated next to his mother, D.M., during the flight. Based on my review of C.B.'s statements, C.B. saw that D.M. and BURRIS were in an argument, and he reported that he saw BURRIS slap D.M. in the face, and throw a cell phone at her.

12. According to the law enforcement report, after BURRIS threw the cell phone at D.M., the flight crew responded and separated BURRIS from D.M. and the children for the remainder of the flight. The flight crew also contacted local law enforcement, who were present at the gate upon arrival.

13. Upon landing in Long Beach, California, LBPD officers interviewed D.M. and documented her injury, which was an approximately a quarter-inch laceration on the bridge of D.M.'s nose along with a bandage that had been covering it with what appeared to be dried blood. There was also discoloration or

bruising in the area of the nose around the laceration, consistent with being struck with a fist or other hard object. D.M.'s injuries were photographed, which I have reviewed.

### B. BURRIS and D.M. are Presently in Signal Hill, California

14. On or about December 23, 2022, I spoke with D.M. over the phone, and she stated that she will be staying at BURRIS's family's condo in the Signal Hill area with BURRIS and their children until they return home to Phoenix, Arizona. Using law enforcement databases, I confirmed that the BURRIS's family's condo belongs to BURRIS's mother.

15. On or about December 27, 2022, I again spoke to D.M. via text message, and she stated that her flight back to Phoenix was cancelled, and that she, BURRIS, and their children will be remaining in the Signal Hill area.

16. On or about December 29, 2022, law enforcement conducted surveillance of the condo, and saw BURRIS going in and out of the condo.

### V. CONCLUSION

17. For all of the reasons described above, there is probable cause to believe that BURRIS, while on board Southwest Airlines Flight 1784, an aircraft en route from Phoenix, Arizona, to Long Beach, California, and within the special aircraft jurisdiction of the United States, violated 18 U.S.C.

//

//

§ 113(a): Assault Within the Special Aircraft Jurisdiction of the United States.

/s/ Daniel R. Hoops
Daniel R. Hoops, Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 29th day of December 2022.

*Karen L. Stevenson*
THE HONORABLE KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE